THE NAVAJO NATION

Plaintiff-Appellee

vs.

FRANKLIN HARRISON JONES

Defendant-Appellant

Decided September 27, 1971

No Appearance of Counsel

Before KIRK, Chief Justice

KIRK, Chief Justice

On January 7, 1971, the above-named defendant was found guilty of Assault and Battery, a violation of Section 272, Title 17, Navajo Tribal Code, and sentenced by the Trial Court to serve ninety (90) days Probation, Case No. WR-272-3420-70.

Section 272, Title 17 of the Code, provides that any Indian convicted under this section shall be sentenced to labor for a period not to exceed six (6) months.

Section 908(b), Title 17, provides, "Whenever any convicted Indian shall be unable or unwilling to work, the Court shall, in its

-14-

discretion, sentence him to imprisonment for the period of the sentence or to pay a fine equal to $2.00 a day for the same period."

In other words, an Indian convicted of Assault and Battery shall receive the mandatory sentence of one day to 180 days labor in the discretion of the Court. If unable or unwilling to work, the mandatory sentence is one day to 180 days imprisonment or a fine of $2.00 to $360.00, one or the other in the discretion of the Court.

The Navajo Code does not provide for a mandatory sentence of probation and rightfully so for that in itself would be cruel and inhuman. A convicted person is entitled to be sentenced in accordance with the law and not sentenced in accordance with what some individual believes is best for him; anything less is not justice under the law.

Section 909(a), Title 17, Navajo Tribal Code, Probation, provides in effect that the Court must impose sentence upon a convicted Indian under Title 17 before he may grant probation. Probation is granted by suspending the sentence for the period of the sentence, nothing less and nothing more.

Section 909(b) provides that upon violation of the probation the defendant shall be required to serve the original sentence plus an additional half of such sentence.

It is self-evident that the sentence must be imposed in the first instance otherwise upon violation of the probation conditions no

sentence would be provided for.

On June 9, 1971, the above-named defendant was sentenced to 20 days in jail or pay a fine in the amount of $2.00 per day for each day not served. Clearly by Navajo law, Section 909(b), Title 17 of the Code, an illegal sentence was imposed on Case No. WR-909-680-71, violation of probation.

This Court became aware of the matter and on June 29, 1971, vacated both orders of the Trial Court and directed that any fine collected from the defendant under the illegal sentence be returned under authority of Section 173, Title 7, Navajo Tribal Code, to remedy an act of the Trial Court where such court acts beyond its jurisdiction or authority.

On July 8, 1971, the Prosecutor for the Navajo Tribe filed a motion with this Court (A-CR-22-71) to quash this Court's order of June 29, 1971.

This Court has always followed the rule of Pari Materia in regard to resolutions and that the laws of Title 7, Navajo Tribal Code and the law of Title 17, Chapter 5, must be construed in reference to each other. When this is done, the picture becomes clear.

Section 171, Title 7, Navajo Tribal Code, "The Court of Appeals shall consist of the Chief Justice of the Navajo Tribe and two judges of the Trial Court of the Navajo Tribe who shall be called by

-16-

the Chief Justice <u>to serve in particular cases</u>."

Section 172, Jurisdiction: "The Court of Appeals shall have jurisdiction to hear appeals from final judgments and other final orders of the Trial Court ..."

Section 173, Writs and Orders: "The Court of Appeals shall have power to issue any writs or orders necessary and proper to the complete exercise of its jurisdiction, <u>or to prevent or remedy any action of the Trial Court beyond such court's jurisdiction or cause the Trial Court to act where the Trial Court unlawfully fails or refuses to act within its jurisdiction</u>."

Section 451, Title 7, Navajo Tribal Code, Permission to Appeal: "Every person aggrieved by any final judgment or other final order of the Trial Court of the Navajo Tribe must within 30 days re-quest permission of the Chief Justice to appeal to the Court of Appeals stating the reasons why he wants to appeal, preferably in writing, but the Chief Justice may permit oral requests ..."

"(b) If the Chief Justice thinks the reasons show probable cause for review of the decision of the Trial Court, he shall permit the appeal and assign it for hearing before the Court of Appeals."

When reading the whole of Title 7, Navajo Tribal Code, section by section and in relation to each other it becomes clear that the legislative intent was to appoint one Chief Justice as the only

permanent member of the Court of Appeals with authority to call up two trial judges to rehear completely the trial of a case where the Chief Justice has determined there is probable cause. The Code says in particular cases.

In this particular case the defendant was suffering from a cruel and unusual form of punishment forbidden by the Bill of Rights of the Navajo Nation, two void sentences, not prescribed by Navajo Law. To grant relief by a rehearing of the case would subject the defendant to double jeopardy also forbidden by the Bill of Rights.

The defendant is entitled to full and complete justice not substantial or partial justice.

Therefore, the Order of June 29, 1971, shall remain in full force and effect and the Motion to Quash filed the 8th day of July, 1971, is dimissed.

It is further ordered that a copy of this order be transmitted to each of the Trial Courts and to the Office of the Prosecutor.

## APPENDIX

EDITOR'S NOTE:

The following case material is provided to facilitate understanding of this case.

June 14, 1971

M E M O R A N D U M

TO:             Joe Benally, Judge
                Tribal Court

FROM:           Peter MacDonald, Chairman
                Navajo Tribal Council

SUBJECT:        Harris Franklin Jones

The case of Harris Franklin Jones versus the Navajo Tribe has been brought to my attention.

It appears from what Mrs. Shirley Jones, wife of the defendant, stated to me that this matter arose from a criminal charge which resulted in a sentence of probation, but the defendant violated the probation requirement. Subsequently, he was sentenced to 20 days without fine.

I have asked my staff to look into this matter to check if the husband is detained for that length of time, would it be a hardship situation for the family?

If it is a hardship situation, I shall appreciate it if you would modify the sentence in any way it may seem appropriate.

                        /s/
                   Peter MacDonald

P.O. Box 447
Window Rock, Arizona

June 29, 1972

M E M O R A N D U M

TO:                 Honorable Peter MacDonald, Chairman
                    Navajo Tribal Council

FROM:               Virgil L. Kirk, Sr. Chief Justice

SUBJECT:            Franklin Harrison Jones

        I have a copy of your memorandum to Joe Benally Judge of the Trial Court at Window Rock, Arizona, dated 14 June 1971.

        The case of Franklin Harrison Jones has been investigated by this office.  Usually such matters reach this office through either an oral or written request for an appeal rather than a memorandum to the Judge.

        It appears that the court errored in the case of the Navajo Tribe vs. Franklin Harrison Jones.  I have this day by the authority vested in me corrected the matter and for your attention have attached a copy of my order.

        Occasionally, errors of this type do appear in our courts and we make a special effort to correct them when they are brought to our attention.

                            /s/
                    Virgil L. Kirk, Sr.
                    Chief Justice

Attachment

cc:         Franklin Harrison Jones
            Joe Benally, Judge, Trial Court
            File/Case
            Chrono